UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILIA JAKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| VEIN CLINICS OF AMERICA, INC., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Ilia Jakel, ("JAKEL"), by her attorneys, Gaffney & Gaffney P.C., for her Complaint against Defendant, Vein Clinics of America, Inc., ("VEIN CLINICS"), states:

### Jurisdiction and Venue

1. This Court has jurisdiction over Plaintiff's claims brought pursuant to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 *et. seq.* and pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et. seq.* This Court has arising under jurisdiction over JAKEL's claims pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 633a(c), and 42 U.S.C. § 2000e-5(f)(3).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to this action took place in this judicial District.

### Parties

3. Plaintiff, JAKEL is a resident of Bartlett, DuPage County, Illinois.

4. Defendant, VEIN CLINICS is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate headquarters at 2001 Butterfield Road, Suite 300, Downers Grove, DuPage County, Illinois 60515.

**Common Allegations**

5. On or about August 8, 2011, VEIN CLINICS hired JAKEL. JAKEL's current position is Senior Medical Liaison reporting to Bernice Finder, District Sales Manager, and Tina Cook, National Sales Manager.

6. At all times relevant during her employment, JAKEL has duly and adequately performed the duties and responsibilities of her position and has either met or exceeded VEIN CLINICS' legitimate performance expectations.

**Count I – Age Discrimination in Employment Act (ADEA) Claim (Age Discrimination – Hostile Work Environment/Unequal Terms, Privileges, & Conditions of Employment)**

1-6. JAKEL incorporates herein paragraphs 1 through 6 as paragraphs 1 through 6 of this Count I as if fully set forth herein, verbatim.

7. The ADEA prohibits age discrimination in the terms, privileges, and conditions of employment. 29 U.S.C. § 623 (a)(1).

8. JAKEL is an "employee" of VEIN CLINICS as defined by the ADEA. 29 U.S.C. § 630(f).

9. VEIN CLINICS is an "employer" as defined by the ADEA. 29 U.S.C. § 630(b).

10. JAKEL's date of birth is February 2, 1962, thereby qualifying her for protection under the ADEA. 29 U.S.C. § 631(a).

11. JAKEL is either the oldest or one of the oldest Medical Liaisons of VEIN CLINICS.

12. VEIN CLINICS discriminated against JAKEL on the basis of her age by subjecting her to unequal terms, privileges, and conditions of her employment and also subjecting her to a hostile work environment. This includes but is not limited to a transfer from the Geneva

Clinic, denial of my request to then be assigned to the Schaumburg Clinic and an assignment to the Oak Brook Clinic which caused me to effectively start over and not achieve a bonus in 2015.

13. Other similarly-situated younger employees were not discriminated against in the terms, privileges, and conditions of their employment or subjected to a hostile work environment on the basis of their age as JAKEL was.

14. JAKEL's age was a substantial motivating factor in VEIN CLINICS' decision to subject JAKEL to unequal terms, privileges, and conditions of employment.

15. VEIN CLINICS willfully discriminated against JAKEL in violation of the ADEA.

16. As a direct and proximate cause of VEIN CLINICS' acts and omissions alleged herein, JAKEL has suffered damages.

17. JAKEL has exhausted all of her required administrative responsibilities under the ADEA. On June 1, 2016, JAKEL timely filed an Age Discrimination Charge with the Equal Employment Opportunity Commission, ("EEOC"), attached as Exhibit A.

18. On June 8, 2016, the EEOC issued a Notice of Right to Sue, attached as Exhibit B, giving JAKEL ninety (90) days within which to file suit in federal court.

19. JAKEL demands trial by jury on Count I.

WHEREFORE, JAKEL requests all relief available under the ADEA, including actual damages, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of the ADEA.

**Count II – Age Discrimination in Employment Act (ADEA) Claim (Retaliation)**

1-19. JAKEL incorporates herein paragraphs 1 through 19 of Count I as paragraphs 1 through 19 of this Count II as if fully set forth herein, verbatim.

20. The ADEA prohibits employers from retaliating against employees for engaging in protected conduct. 29 U.S.C. § 623(d).

21. JAKEL repeatedly complained to members of VEIN CLINICS's management and Human Resources Department about age discrimination in the terms, privileges, and conditions of her employment and that she was being subjected to a hostile work environment on the basis of her age, and thereby engaged in protected conduct pursuant to the ADEA.

22. JAKEL's protected conduct was a substantial motivating factor in VEIN CLINICS' decision to continue to subject JAKEL to unequal terms, privileges, and conditions of employment and a hostile work environment.

23. VEIN CLINICS would not have subjected JAKEL to unequal terms, privileges, and conditions of employment and a hostile work environment but for the fact that JAKEL engaged in protected conduct pursuant to the ADEA.

24. VEIN CLINICS' conduct in subjecting JAKEL to unequal terms, privileges, and conditions of employment and a hostile work environment was in retaliation for JAKEL engaging in protected conduct under the ADEA.

25. As a direct and proximate result, JAKEL has suffered and continues to suffer damages.

26. VEIN CLINICS's violation of the ADEA was intentional, willful, wanton, malicious and oppressive.

27. JAKEL requests trial by jury on this Count II.

WHEREFORE, JAKEL requests all relief available under the ADEA, including actual damages, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs, and

such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of the ADEA.

### Count III – Age Discrimination in Employment Act (ADEA) Claim (FAILURE TO PROMOTE)

1-6. JAKEL incorporates herein paragraphs 1 through 6 as paragraphs 1 through 6 of this Count III as if fully set forth herein, verbatim.

7. The ADEA prohibits employers from limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee because of such individual's age. 29 U.S.C. § 623 (a)(2).

8. JAKEL is an "employee" of VEIN CLINICS as defined by the ADEA. 29 U.S.C. § 630(f).

9. VEIN CLINICS is an "employer" as defined by the ADEA. 29 U.S.C. § 630(b).

10. JAKEL's date of birth is February 2, 1962, thereby qualifying her for protection under the ADEA. 29 U.S.C. § 631(a).

11. JAKEL is either the oldest or one of the oldest Medical Liaisons of VEIN CLINICS.

12. In April 2016, VEIN CLINICS failed to promote JAKEL to the position of Assistant District Sales Manager and did so on the basis of her age.

13. JAKEL was duly qualified for the position of Assistant District Sales Manager and more qualified than the person promoted who was in her early thirties.

14. Other similarly-situated younger employees were not denied a promotion on the basis of their age as JAKEL was.

15. JAKEL's age was a substantial motivating factor in VEIN CLINICS' decision to deny JAKEL from being promoted to the position of Assistant District Sales Manager.

16. VEIN CLINICS willfully discriminated against JAKEL in violation of the ADEA.

17. As a direct and proximate cause of VEIN CLINICS' acts and omissions alleged herein, JAKEL has suffered damages.

18. JAKEL has exhausted all of her required administrative responsibilities under the ADEA. On June 1, 2016, JAKEL timely filed an Age Discrimination Charge with the Equal Employment Opportunity Commission, ("EEOC"), attached as Exhibit A.

19. On June 8, 2016, the EEOC issued a Notice of Right to Sue, attached as Exhibit B, giving JAKEL ninety (90) days within which to file suit in federal court.

20. JAKEL demands trial by jury on Count III.

WHEREFORE, JAKEL requests all relief available under the ADEA, including actual damages, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of the ADEA.

**Count IV – Age Discrimination in Employment Act (ADEA) Claim (Retaliation – Failure to Promote)**

1-20. JAKEL incorporates herein paragraphs 1 through 20 of Count III as paragraphs 1 through 20 of this Count IV as if fully set forth herein, verbatim.

21. The ADEA prohibits employers from retaliating against employees for engaging in protected conduct. 29 U.S.C. § 623(d).

22. JAKEL has repeatedly complained to members of VEIN CLINICS's management and Human Resources Department about being denied promotion on the basis of her age, and thereby engaged in protected conduct pursuant to the ADEA.

23. JAKEL's protected conduct was a substantial motivating factor in VEIN CLINICS's decision to deny her promotion to the Assistant District Sales Manager position.

24. VEIN CLINICS would not denied JAKEL promotion to the Assistant District Sales Manager position but for the fact that JAKEL engaged in protected conduct pursuant to the ADEA. The person who was promoted did not engage in complaints of discrimination as Jakel did.

25. VEIN CLINICS' failure to promote JAKEL to the position of Assistant District Sales Manager was in retaliation for JAKEL engaging in protected conduct under the ADEA.

26. As a direct and proximate result, JAKEL has suffered and continues to suffer damages.

27. VEIN CLINICS's violation of the ADEA was intentional, willful, wanton, malicious and oppressive.

28. JAKEL requests trial by jury on this Count IV.

WHEREFORE, JAKEL requests all relief available under the ADEA, including actual damages, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of the ADEA.

**Count V – Title VII National Origin Discrimination (National Origin Discrimination – Hostile Work Environment/Unequal Terms, Privileges, & Conditions of Employment)**

1-6. JAKEL incorporates herein paragraphs 1 through 6 as paragraphs 1 through 6 of this Count V as if fully set forth herein, verbatim.

7. Title VII prohibits national origin discrimination in the terms, privileges, and conditions of employment. 42 U.S.C. § 2000e-2(a)(1).

7

8. JAKEL is an "employee" of VEIN CLINICS as defined by Title VII. 42 U.S.C. § 2000e(f).

9. VEIN CLINICS is an "employer" as defined by Title VII. 42 U.S.C. § 2000e(b).

10. JAKEL's national origin is Puerto Rican.

11. VEIN CLINICS discriminated against JAKEL on the basis of her national origin by subjecting her to unequal terms, privileges, and conditions of her employment and also subjecting her to a hostile work environment. This includes but is not limited to a transfer from the Geneva Clinic to the Oak Brook Clinic which resulted in economic harm.

12. Other similarly-situated non- Puerto Rican employees were not discriminated against in the terms, privileges, and conditions of their employment or subjected to a hostile work environment on the basis of their national origin as JAKEL was.

13. JAKEL's national origin was a substantial motivating factor in VEIN CLINICS' decision to subject JAKEL to unequal terms, privileges, and conditions of employment.

14. VEIN CLINICS willfully discriminated against JAKEL in violation of Title VII.

15. As a direct and proximate cause of VEIN CLINICS' acts and omissions alleged herein, JAKEL has suffered damages including severe emotional distress and depression forcing JAKEL to be placed on disability leave.

16. JAKEL has exhausted all of her required administrative responsibilities under the ADEA. On June 1, 2016, JAKEL timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"), attached as Exhibit A.

17. On June 8, 2016, the EEOC issued a Notice of Right to Sue, attached as Exhibit B, giving JAKEL ninety (90) days within which to file suit in federal court.

18. JAKEL demands trial by jury on Count V.

WHEREFORE, JAKEL requests all relief available under Title VII, including actual damages, compensatory damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of Title VII.

### Count VI – Title VII National Origin Discrimination (Retaliation – Hostile Work Environment/Unequal Terms, Privileges, & Conditions of Employment)

1-18.  JAKEL incorporates herein paragraphs 1 through 18 of Count V as paragraphs 1 through 18 as if fully set forth herein, verbatim.

19.  Title VII prohibits employers from retaliating against employees for engaging in protected conduct. 42 U.S.C. § 2000e-3(a).

20.  JAKEL has repeatedly complained to members of VEIN CLINICS's management and Human Resources Department about national origin discrimination in the terms, privileges, and conditions of her employment and that she was being subjected to a hostile work environment on the basis of her national origin, and thereby engaged in protected conduct under Title VII.

21.  JAKEL's protected conduct was a substantial motivating factor in VEIN CLINICS' decision to continue to subject JAKEL to unequal terms, privileges, and conditions of employment and a hostile work environment on the basis of her national origin.

22.  VEIN CLINICS would not have subjected JAKEL to unequal terms, privileges, and conditions of employment and a hostile work environment but for the fact that JAKEL engaged in protected conduct under Title VII.

23.  VEIN CLINICS' conduct in subjecting JAKEL to unequal terms, privileges, and conditions of employment and a hostile work environment was in retaliation for JAKEL engaging in protected conduct under Title VII.

24. As a direct and proximate result, JAKEL has suffered and continues to suffer damages including severe emotional distress and depression causing her to be disabled.

25. VEIN CLINICS's violation of Title VII was intentional, willful, wanton, malicious and oppressive.

26. JAKEL requests trial by jury on this Count VI..

WHEREFORE, JAKEL requests all relief available under Title VII, including actual damages, compensatory damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of the Title VII.

## **Count VII – Title VII National Origin Discrimination (National Origin Discrimination – Failure to Promote)**

1-6. JAKEL incorporates herein paragraphs 1 through 6 as paragraphs of Count V1 as if fully set forth herein, verbatim.

7. Title VII prohibits employers from limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee because of such individual's national origin. 42 U.S.C. § 2000e-2(a)(2).

8. JAKEL is an "employee" of VEIN CLINICS as defined by Title VII. 42 U.S.C. § 2000e(f).

9. VEIN CLINICS is an "employer" as defined by Title VII. 42 U.S.C. § 2000e(b).

10. JAKEL's national origin is Puerto Rican.

11. In April, 2016, VEIN CLINICS failed to promote JAKEL to the position of Assistant District Sales Manager and did so on the basis of her national origin.

12. At all times, JAKEL was duly qualified for the position of Assistant District Sales Manager and more qualified than the non-Puerto Rican person promoted.

13. Other similarly-situated younger employees were not denied a promotion on the basis of their national origin as JAKEL was.

14. JAKEL's national origin was a substantial motivating factor in VEIN CLINICS' decision to deny JAKEL from being promoted to the position of Assistant District Sales Manager.

15. VEIN CLINICS willfully discriminated against JAKEL in violation of Title VII.

16. As a direct and proximate cause of VEIN CLINICS' acts and omissions alleged herein, JAKEL has suffered damages including severe emotional distress and depression causing her to be disabled.

17. JAKEL has exhausted all of her required administrative responsibilities under the ADEA. On June 1, 2016, JAKEL timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"), attached as Exhibit A.

18. On June 8, 2016, the EEOC issued a Notice of Right to Sue, attached as Exhibit B, giving JAKEL ninety (90) days within which to file suit in federal court.

19. JAKEL demands trial by jury on Count VII.

WHEREFORE, JAKEL requests all relief available under Title VII, including actual damages, compensatory damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of Title VII.

**Count VIII – Title VII National Origin Discrimination (Retaliation – Failure to Promote)**

1-19. JAKEL incorporates herein paragraphs 1 through 19 of Count VII as paragraphs 1 through 19 of this Count VIII as if fully set forth herein, verbatim.

20. Title VII prohibits employers from retaliating against employees for engaging in protected conduct. 42 U.S.C. § 2000e-3(a).

21. JAKEL has repeatedly complained to members of VEIN CLINICS's management and Human Resources Department about being denied promotion on the basis of her national origin, and thereby engaged in protected conduct under Title VII.

22. JAKEL's protected conduct was a substantial motivating factor in VEIN CLINICS's decision to deny her promotion to the Assistant District Sales Manager position.

23. VEIN CLINICS would not have denied JAKEL promotion to the Assistant District Sales Manager position but for the fact that JAKEL engaged in protected conduct under Title VII.

24. VEIN CLINICS' failure to promote JAKEL to the position of Assistant District Sales Manager was in retaliation for JAKEL engaging in protected conduct under Title VII.

25. As a direct and proximate result, JAKEL has suffered and continues to suffer damages including severe emotional distress and depression causing her to be disabled.

26. VEIN CLINICS's violation of Title VII was intentional, willful, wanton, malicious and oppressive.

27. JAKEL requests trial by jury on this Count XII.

WHEREFORE, JAKEL requests all relief available under Title VII, including actual damages, compensatory damages, reasonable attorneys' fees, and costs, and such other legal and equitable relief this Court deems equitable and just pursuant to the provisions of Title VII.

       */s/Glenn R. Gaffney*
       Glenn R. Gaffney, Attorney for
       ILIA JAKEL

## **JURY DEMAND**

Plaintiff demands a trial by jury on all Claims and Counts

*/s/ Glenn R. Gaffney*
Glenn R Gaffney, Attorney for
ILIA JAKEL

Glenn R. Gaffney (No. 6180598)
Jolianne S. Walters (No. 6314222)
Gaffney & Gaffney P.C.
1771 Bloomingdale Road,
Glendale Heights, IL 60139
(630) 462-1200
*gg@gaffneylaw.co*
*jw@gaffneylaw.co*